FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:49 pm, Dec 14, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | |
|---|---|
| IN RE: ) <br> ) <br> JULIE ELAINE SHEFFIELD ) <br> ) <br> Debtor ) <br> _____) <br> ) <br> TODD BOUDREAUX, ) <br> CHAPTER 7 TRUSTEE ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> JULIE ELAINE SHEFFIELD ) <br> ) <br> Defendant ) <br> _____) | Chapter 7 Case <br> Number 05-30750 <br><br><br><br><br><br><br><br><br><br> Adversary Proceeding <br> Number 11-03007 |

### ORDER

Before the Court is a Complaint for Turnover filed by the Chapter 7 Trustee ("Trustee") seeking turnover of loan proceeds from Elaine Sheffield ("Debtor"). For the reasons set forth on the record at the November 28, 2012 trial and for the reasons set forth herein, the Trustee's Complaint for Turnover is granted in the amount of $19,000.00.

Debtor filed a chapter 13 bankruptcy petition October 7, 2005 and the case was subsequently converted to a chapter 7

AO 72A
(Rev. 8/82)

bankruptcy case on March 15, 2010. On her schedules Debtor valued 1200 North Street real property ("North Street") at $18,000.00 and did not claim an exemption. Dckt. Nos. 1 and 9, Schedule C. During the pendency of her bankruptcy, on or about June 12, 2009, without notice to, or the approval of this Court, Debtor sold the property to a third party for approximately $21,000.00. Debtor testified that after costs, she received $19,000.00 from the sale. She did not pay this money into her bankruptcy, but she knew she was still in a chapter 13 bankruptcy case and was still required to make her plan payments. Debtor also was aware that the claim of Mr. Klosinski, the Chapter 7 Trustee remained unpaid at the time of the sale as this matter was highly litigated by Debtor. See Adv. Proc. No. 11-3008, Dckt. No. 121.[1] At the trial, Debtor testified that at the time of the sale, she had become ill and lost her job and so she used the proceeds to pay outstanding bills.

## CONCLUSIONS OF LAW

The Trustee seeks turnover of the $19,000.00 net proceeds Debtor received from the sale of the North Street property. Debtor does not challenge the Trustee's contention that the proceeds were property of the bankruptcy estate and that she knew of Klosinski's

---

[1] This order provides more details of the underlying dispute and the findings of fact are incorporated herein by reference.

2

judgment at the time of the sale. Pursuant to 11 U.S.C. §363(b), court approval is required prior to the sale of property of the estate. It is undisputed that Debtor converted these funds to her own use and did not obtain approval from this Court or the Chapter 13 Trustee prior to selling North Street. Debtor did not amend her bankruptcy schedules to notify her creditors of this change in her financial situation. See 11 U.S.C. §1329; In re Waldron, 536 F.3d 1239, 1243 (11th Cir. 2008). While Debtor may have used the funds to pay creditors, she made such payments contrary to the court-approved distribution plan as set forth in her confirmed chapter 13 plan and without disclosure to this Court or trustee. Given the specific facts and circumstances of this case and those set forth in the record at the trial, the Trustee is entitled to a judgment against Debtor in the amount of $19,000.00 pursuant to 11 U.S.C. §§363, 541 and 542.

*Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 14th day of December, 2012.

AO 72A (Rev. 8/82)